46328, 46344. POUND et al. v. SHORTER et al. (two cases).
(377 SE2d 854)

WELTNER, Justice.

When Elizabeth Shorter died in 1929, her will created a trust that provided for her one unmarried son as follows:

> In trust further, should my son die, either before or after my death, leaving neither child, nor children of a deceased wife surviving him, but leaving a wife surviving him, to pay over the annual net ' income arising each year from said trust property, in quarterly installments each year, to the wife of my said son, during her life, and upon the death of the wife of my said son, to thereupon pay over, deliver and convey, in fee simple, the corpus of said trust property to the children and descendants of children of my brother. . . and sister. .. . . .

The son married in 1953 and died in 1987, survived by his widow. He left no descendants. After his death, the trustee bank filed a petition to determine the validity of the trust item. The trial court found that the item created a perpetuity and decreed that the trust be terminated and that the son's widow have fee ownership. Fifty-two lineal descendants of Elizabeth Shorter appeal.

1. The Rule against Perpetuities, adopted first by the legislature in 1863, provides:

> Limitations of estates may extend through any number of lives in being at the time when the limitations commence,

and 21 years, and the usual period of gestation added thereafter. The law terms a limitation beyond that period a perpetuity and forbids its creation. When an attempt is made to create a perpetuity, the law will give effect to the limitations which are not too remote and will declare the other limitations void, thereby vesting the fee in the last taker under the legal limitations.

OCGA § 44-6-1.

2. We have undertaken a study of both the rule against perpetuities and an alternative approach, commonly called "wait and see."[1] Fifteen states have adopted some form of the "wait and see" approach, and all have done so through legislation.[2] We conclude:

(1) that the traditional rule against perpetuities has been effective so far in Georgia, judging by the few cases brought to invalidate grants, and the even fewer invalidations; and

(2) that the alternative "wait and see" approach has many problems, including initial uncertainty (which is avoided by the traditional rule) and the necessity for selecting a method by which to determine the length of the waiting period.[3]

3. We are not convinced that the goals of certainty and early vesting will be served by adopting the alternative, and accordingly de-

---

[1] "The wait-and-see principle permits a court to consider the actual sequence of events occurring after the creation of the interest. Any interest that might possibly be too remote is valid, if under the facts as they actually occur, the interest vests within the period of the Rule." Chaffin, *The Rule Against Perpetuities as Applied to Georgia Wills and Trusts: A Survey and Suggestions for Reform*, 1982, 16 Ga. L. Rev. 235, 345.

[2] Ten states have adopted an unlimited form of the "wait and see" modification. These are Alaska, Iowa, Kentucky, New Mexico, Nevada, Ohio, Pennsylvania, Virginia, Vermont and Washington. Alaska Stat. § 34.27.020 (1983); Iowa Code § 558.68 (1983); Ky. Rev. Stat. § 381.216 (1972); 1983 N.M. Laws 246; Nev. Rev. Stat. ch. 111 (1983); Ohio Rev. Code Ann. § 2131.08 (1982); Pa. Const. Stat. Ann. § 6104 (b) (1975); Va. Code § 55-13.3 (Supp. 1982); Vt. Stat. Ann. tit. 27, § 501 (1975); Wash. Rev. Code § 11.98.010 (1981). The other five have a limited "wait and see" alternative; these are Connecticut, Florida, Maine, Maryland and Massachusetts. Conn. Gen. Stat. Ann. § 45-95 (West 1960); Fla. Stat. Ann. § 689.22 (2) (a) (West Supp. 1979); Me. Rev. Stat. Ann. tit. 33, § 101 (1978); Md. Est. & Trusts Code Ann. § 11-103a (1969); Mass. Gen. Laws Ann. ch. 184A, § 1 (West 1977). See Chaffin, *The Rule Against Perpetuities in Georgia*, (1984); Waggoner, *Perpetuity Reform*, 1983, 81 Mich. L. Rev. 1718.

[3] The problems may be summarized as follows: (1) there is actually no severe problem of grants being invalidated due to a violation of the rule against perpetuities; (2) technical violations of the rule can be avoided by competent drafting, so only unwary counsel is trapped by the rule; (3) there is a big problem of expense and inconvenience during the waiting period; (4) there is an increase in litigation due to the alternative doctrine; (5) much of the testator's estate is diverted to lawyers' fees; (6) most alternative statutes provide for cy pres litigation at the end of the waiting period if the interest has neither vested nor failed, and that litigation is difficult and expensive due to the passage of time; and (7) the alternative does not simplify the perpetuities law. Bloom, *Perpetuities Refinement: There is an Alternative*, 1987, 62 Wash. L. Rev. 23.

cline to do so.

4. As the will encompasses the possibilities that the son might marry a woman who was unborn in 1929 ( a life *not* "in being") and then predecease her, it violated the rule against perpetuities.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 6, 1989.

*Hansell & Post, Edward S. Grenwald, Verner F. Chaffin,* for appellants (case no. 46328).

*Cohn & Cohn, Aaron Cohn,* for appellants (case no. 46344).

*Kilpatrick & Cody, Thomas C. Shelton, D. Lurton Massee, Jr., Thomas C. Harney,* for appellees.

